**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


MARVIN R. NEWELL,               :
                                :    Civil Action No. 13-1228 (ES)
            Petitioner,         :
                                :
       v.                       :    MEMORANDUM OPINION
                                :
STATE OF NEW JERSEY, et al.,    :
                                :
            Respondents.        :
```

**SALAS, District Judge**

Petitioner Marvin R. Newell, a convicted and sentenced prisoner confined at East Jersey State Prison in Rahway, New Jersey, has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction on carjacking, robbery, and related charges.

The Filing Fee

The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed *in forma pauperis*, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an

authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed *in forma pauperis*. Local Civil Rule 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed *in forma pauperis*. Accordingly, this action will be administratively terminated for failure to satisfy the filing fee requirements.

The Respondent

Petitioner has named as Respondents the State of New Jersey and the Attorney General of New Jersey. Petitioner has *not* named, as a Respondent, the administrator of East Jersey State Prison.

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." *See also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). "[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party

before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574 (1885) (emphasis added).

> In accord with the statutory language and *Wales*' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement—"core challenges"—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

*Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (citations omitted).

Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts provides similar guidance.

> (a) Current Custody: Naming the Respondent.  If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.

Rule 2(a), Rules Governing Section 2254 Cases.

Thus, under the circumstances of this case, the warden of the facility where the petitioner is held is an indispensable party respondent, for want of whose presence the Petition may not proceed. Under the circumstances of this case, where Petitioner is presently confined pursuant to the challenged conviction, neither the State of New Jersey, nor the Attorney General of New Jersey is a proper respondent.  Accordingly, Petitioner will be granted leave to apply to re-open and to file an amended petition naming a proper respondent.

This Court makes no finding as to the timeliness of the Petition as filed.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice. Petitioner will be granted leave to apply to re-open within 30 days, by (1) submitting an amended petition naming a proper respondent and (2) either prepaying the filing fee or submitting a complete application for leave to proceed *in forma pauperis*.

An appropriate Order will be entered.

*s/Esther Salas*
**Esther Salas**
**United States District Judge**