NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
MARVIN R. NEWELL,                       :
                                        :          Civil Action No. 13-1228 (ES)
                   Petitioner,          :
                                        :
              v.                        :          OPINION
                                        :
STATE OF NEW JERSEY,                    :
                                        :
                   Respondent.          :
_____:

SALAS, DISTRICT JUDGE

Petitioner Marvin R. Newell ("Petitioner"), a prisoner currently confined at East Jersey State Prison in Rahway, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.E. No. 1, Petition ("Pet.")). For the reasons expressed below, this Court will dismiss the Petition as untimely and deny a certificate of appealability.

I. BACKGROUND

The Court recounts only the facts relevant to this Opinion.

On the day his case was scheduled to go to trial, Petitioner pled guilty without a plea agreement to one count of first-degree carjacking, N.J.S.A. 2C:15–2(a)(1); one count of second-degree robbery, N.J.S.A. 2C:15–1(a)(1); and one count of second-degree eluding, N.J.S.A. 2C:29–2(b). (D.E. No. 17, Respondent's Answer ("Answer"), Ex. 4, Plea Form). The court imposed an aggregate sentence of thirteen years, subject to the No Early Release Act, N.J.S.A. 2C:43–7.2, on September 12, 2003. (Answer, Ex. 3, Sentencing Transcript). Petitioner filed a direct appeal, which was denied by the Appellate Division. *State v. Newell*, No. A–1535–03 (N.J. Super. Ct.

App. Div. Aug. 4, 2005). The New Jersey Supreme Court denied his petition for certification on May 11, 2006. *State v. Newell*, 899 A.2d 302 (N.J. 2006). Petitioner did not submit a petition for writ of certiorari to the Supreme Court.

Petitioner filed a petition for post-conviction relief ("PCR") on September 12, 2008. (Answer, Ex. 8, PCR Petition). The PCR court denied relief and on July 6, 2011, the Appellate Division affirmed that denial. *State v. Newell*, No. A-1718-09T4, 2011 WL 2622380 (N.J. Super. Ct. App. Div. July 6, 2011). The New Jersey Supreme Court denied certification on January 13, 2012. *State v. Newell*, 35 A.3d 680 (N.J. 2012). Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. On February 10, 2013, Petitioner filed the instant habeas petition. (D.E. No. 1); *see Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Henderson v. Frank*, 155 F.3d 159, 163-64 (3d Cir. 1998) (using date prisoner signed petition as date he handed it to prison officials for mailing); *Maples v. Warren*, No. 12–0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition.").

## II. DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Relevant for purposes of this case, the limitations period begins to run when the judgment becomes "final."[1] A state-court criminal judgment becomes "final" within the meaning

---

[1] The relevant portion of the statute states that the limitation period shall run from the latest of:

of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the Supreme Court of the United States. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Sup. Ct. R. 13; *see also* 28 U.S.C. § 2244(d)(1)(A) (the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Based on the statutory language, the Supreme Court has held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Morris*, 187 F.3d at 337 n.1 (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

Where applicable, the one-year limitation period is tolled during the time that a valid state post-conviction review is pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

3

judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed. *Meyers*, 204 F.3d at 420-24. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)).

Here, despite Petitioner's vague assertions to the contrary, 28 U.S.C. § 2244(d)(1)(A) governs the start of Petitioner's limitations period. Subsection (B) is inapplicable as there was no State-created impediment to the filing of his Petition.[2] Subsection (D) is likewise inapplicable because the factual predicate of the claims presented in the Petition could have been discovered through the exercise of due diligence at the time of his conviction. Petitioner's habeas claims relate to improper extradition; a *Brady* violation; denial of an adjournment request; and a failure to provide a *Wade* hearing. (D.E. No. 20, Amended Petition ("Am. Pet.")). All of the factual predicates for these claims could have been discovered at or near the time of Petitioner's guilty plea, through the exercise of due diligence.[3]

---

[2] To the extent Petitioner relies on the administrative and filing issues that he encountered with his habeas petition to support this assertion, the Court notes that it deemed the Petition in this matter "filed" on the day he put his original Petition in the prison mail system, February 10, 2013.

[3] The Court notes that even if it gave Petitioner the benefit of the delayed accrual date of subsection (D), the Petition would still be untimely. Petitioner himself acknowledges that he obtained the necessary material during the filing of the PCR petition. (D.E. No. 24, Petitioner's Reply at 4; Answer, Ex. 11, Petitioner's Pro Se PCR Brief). Therefore, when the New Jersey Supreme Court denied his petition for certification on PCR on January 13, 2012, he was aware of the factual

Therefore, 28 U.S.C. § 2244(d)(1)(A) governs the start of Petitioner's limitations period, and the one-year statute of limitations began to run on August 10, 2006, ninety days after the New Jersey Supreme Court denied his petition for certification on direct appeal. Petitioner's limitations period expired one year later, on August 10, 2007. The PCR petition Petitioner subsequently filed on September 12, 2008 cannot serve to statutorily toll the limitations period because said period had already expired when he filed his PCR petition. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) (state PCR petition had no effect on tolling because the limitations period had already expired by the time PCR petition was filed). Therefore, absent equitable tolling, the Petition must be dismissed as time barred.

A petitioner may be able to overcome the time bar if he can show a basis for equitable tolling. The Supreme Court has stated that, "[g]enerally, a litigant seeking equitable tolling [of the AEDPA statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

---

predicate for his habeas claims and the one year limitations period would have begun to run. Petitioner did not file his habeas petition until February 10, 2013, which was 29 days after the 365-day limitations period would have expired.

With respect to the diligence that is necessary for equitable tolling, the Third Circuit has stated that:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." . . . . The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling.

*Id.* at 799-800 (citations omitted). Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones*, 195 F.3d at 159). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

Petitioner argues that his limitations period should be equitably tolled because he has been "actively misled" and has been "prevented from asserting his rights in an extraordinary way." (D.E. No. 19-2, Petitioner's Brief in Support of Amended Petition ("Am. Pet. Br.") 2-3). Specifically, Petitioner states that he was actively misled when he was "assured by counsel that specific arguments were being developed for crafting his direct appeal brief." (*Id.* at 3). However, even if he was "actively misled" about arguments being developed for his direct appeal brief, that does not explain, or account for, the 13 month gap between denial of his petition for certification on direct appeal and the filing of his PCR petition, or the 13 month gap between the denial of the petition for certification on his PCR appeal and the filing of his habeas petition. Petitioner also alleges that counsel did not provide him with probative discovery material, which was not

discoverable until Petitioner's PCR petition was filed, but again, that does not account for the 13 month time lapse after the denial of his petition for certification on PCR and the filing of the habeas petition here.

Based on the foregoing, the Court will dismiss the Petition as untimely. Petitioner's one-year statute of limitations period began to run on August 10, 2006 and expired one year later on August 10, 2007. He did not file his habeas petition until February 10, 2013, approximately five-and-a-half years after his limitations period had expired and he has not alleged any grounds for statutory or equitable tolling.

### III. CERTIFICATE OF APPEALABILITY

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, the United States Supreme Court held:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

## IV. CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely and denies a certificate of appealability. An appropriate order follows this opinion.

s/*Esther Salas*<br>
**Esther Salas, U.S.D.J.**